IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FRANCES STENCEL and JOHN
STENCEL,

                Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY and WENDOLYN WATCHER,

                Defendants.

ORDER

18-cv-012-wmc

In this civil action, plaintiffs Frances Stencel and John Stencel allege that defendant Wendolyn Watcher, the owner of a greenhouse, and her insurer defendant State Farm Fire and Casualty Company were negligent and violated Wisconsin's Safe Place Act, Wis. Stat. § 101.11, when Frances Stencel injured herself on the premises of the greenhouse. (Compl. (dkt. #1).) Plaintiffs allege that this court may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (*Id.* at ¶ 1.) Because the allegations in the complaint are insufficient to determine if this is so, plaintiffs will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for

want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

As for the citizenship of the parties, plaintiffs appear to allege that they are both citizens of Iowa and that the individual defendant Watcher is a citizen of Wisconsin.[1] As for defendant State Farm Fire and Casualty Company, plaintiffs allege that it is a "foreign insurer doing business in the State of Wisconsin with a statutory home office address of One State Farm Plaza, Bloomington, IL 61701." (Compl. (dkt. #1) ¶ 7.) These allegations are insufficient, however, to determine State Farm's state or states of citizenship. 28 U.S.C. § 1332(c)(1) describes the test for establishing the citizenship of an insurer named as a defendant in a direct action, as is the case here:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--
> **(A)** every State and foreign state of which the insured is a citizen;
> **(B)** every State and foreign state by which the insurer has been incorporated; and

---

[1] The court uses the word appears because plaintiffs do not allege the citizenship of any of the three individual defendants. The court assumes that by "resident," plaintiffs intend to allege the "domicile," and, in turn, the citizenship. In the amended pleading, plaintiffs should so clarify. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (domicile is "the state in which a person intends to live over the long run" and "[a]n allegation of 'residence' is therefore deficient").

2

>    **(C)** the State or foreign state where the insurer has its principal place of business[.]

Plaintiffs allege that State Farm is a "foreign insurer," from which the court infers that State Farm is *not* incorporated in Wisconsin. Plaintiffs, however, do not allege its state of incorporation, and this is material, given that plaintiffs themselves are also not citizens of Wisconsin. As such, in order for the court to determine whether diversity jurisdiction exists, plaintiffs must allege State Farm's state of incorporation. Moreover, the court assumes that plaintiffs intend for "statutory home office" to be the same as "principal place of business," but plaintiffs should also clarify this in their amended pleading.

Title 28 U.S.C. § 1332(a)(1) also requires that the amount in controversy exceed $75,000. Plaintiffs fail to allege that this is so. Plaintiffs do allege that Frances Stencel has "suffered economic losses, including past medical expenses and lost wages," and that the "injuries are a permanent nature" and that she "will continue to suffer damages into the future due to her injuries." (Compl. (dkt. #1) ¶ 13.) These allegations would appear to give rise to a reasonable inference that the amount in controversy requirement is satisfied; nonetheless, the court will require plaintiffs also to allege in good faith that the amount in controversy requirement is satisfied.

ORDER

IT IS ORDERED that:

1) plaintiffs shall have until February 19, 2018, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 5th day of February, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge